UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHAN KAREEN HILL, ) | |
| ) | CASE NO. C17-0434RSM |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER FOR AMENDED COMPLAINT |
| ) | |
| STATE OF WASHINGTON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

*Pro Se* Plaintiff, Nathan Kareen Hill, has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #3. His Complaint was filed on March 22, 2017. Dkt. #4. Summons has not yet been issued. From what this Court can discern, Plaintiff alleges a claim under the Lanham Act for copyright infringement of his name. *Id.* Plaintiff complains that Washington State and several of its Agencies have entered his allegedly trademarked name into State databases, which constitutes infringement, and has caused him harm. *Id.* He states that being included in a registry for convicted felons has precluded him from participating in Washington State commerce. *Id.* As a result, he seeks an Order from this Court directing Defendant to stop using his name and to remove it from all State databases, and to pay him damages in the amount of $8,480,000.00.

As federal courts are courts of limited jurisdiction, a plaintiff bears the burden of establishing that his case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*,

ORDER
PAGE - 1

511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936). Further, the Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

In this case, Plaintiff appears to be relying on a "sovereign citizen" theory, which has been unsuccessfully propounded by others, to seek the removal of his name from certain State registries. Dkt. #4. This legal theory seems to have originated in the context of tax protests, and is generally advanced to challenge state and federal laws and judgments. The theory (in all of its various forms) has been struck down consistently by the courts. *See, e.g., United States v. Sloan,* 939 F.2d 499 (7th Cir. 1991) (concluding that plaintiff's argument that he was a citizen of the state of Indiana, but not a citizen of the United States and therefore not subject to its laws was "simply wrong"); *United States v. Jagim,* 978 F.2d 1032, 1036 (8th Cir. 1992) (concluding that defendant's argument that he was a citizen of the "Republic of Idaho" and not a U.S. citizen and therefore outside the jurisdiction of the United States was "completely without merit" and "patently frivolous"); *U.S. v. Delatorre,* 2008 U.S. Dist. LEXIS 7530, 2008 WL 312647 at *2 (N.D. Ill. 2008) ("This Court's jurisdiction over Mr. Delatorre remains valid whether his name is written in all capital letters or a mix of capital and lower case letters, or whether he identifies himself as: a 'real flesh and blood man, in his private capacity,' a 'sovereign secured party creditor;' a debtor; the 'authorized representative of the corporate

ORDER
PAGE - 2

fiction-entity/debtor identified, as Fernando Delatorre,' or 'third party intervenor on behalf of Defendant/Debtor Fernando Delatorre.' Mr. Delatorre's Uniform Commercial Code ('UCC'), copyright, and trademark filings do not change this fact."); *see also* Francis X. Sullivan, *The "Usurping Octopus of Jurisdictional/Authority": The Legal Theories of the Sovereign Citizen Movement,* 1999 Wis. L. Rev. 785.  Mr. Hill fails to provide legal authority in his Complaint that would lead the Court to any other conclusion than dismissal of his case.

Accordingly, Plaintiff's Complaint suffers from deficiencies that, if not corrected in an Amended Complaint, require dismissal.  As a result, the Court hereby finds and ORDERS that Plaintiff shall file an Amended Complaint **no later than twenty-one (21) days from the date of this Order**.  In the Amended Complaint, Plaintiff must include a short and plain statement demonstrating to the Court that his claims are brought under some other legal authority than the "sovereign citizen" theory.

The Clerk shall send a copy of this Order to Plaintiff at 1709 SW 323rd St., Federal Way, WA 98023.

DATED this 22 day of March, 2017.

[signature]

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3